**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Family Division**
**Stanley Mosk Dept. - 64**

**BD656090**
**MELANIE BROWN VS STEPHEN BELAFONTE**

**December 13, 2022**
**8:30 AM**

Honorable Mark A. Juhas, Judge

Mary Arnold, Judicial Assistant                                Not Reported, Court Reporter

**NATURE OF PROCEEDINGS:** Proposed Ex Parte RFO Emergency Orders for Support filed by Respondent on December 13, 2022

The following parties are present for the aforementioned proceeding:

      No Appearances

The matter is not called for hearing.

The Court, having read and considered the pleadings filed in this matter, makes the following orders:

**The Court sets a hearing on January 11, 2023 at 8:30am in Department 64.** Respondent shall serve Petitioner with her papers by noon on December 14, 2022. Respondent shall file and serve any opposition by December 30, 2022. Any reply will be filed and served by January 3, 2023.

**A. Orders relating to Appointment of Minor's Counsel to Assist M█████ with Immediate:**

An order pursuant to Family Code Section 3150(a) and California Rule of Court, Rule 5.240 (b), the Court appoints minor's counsel for the minor child, M█████ B█████ (hereinafter "M█████"), with the first available of the following proposed minor's counsel ordered as appointed minor counsel upon confirmation of availability: Sonia Dujan or Cynthia Glasser. The Court reserves over payment of minor's counsel fees.

Upon confirmation of appointment and filing of a Judicial Council Form FL-323, minor's counsel shall promptly communicate with M█████, M█████'s Court-appointed therapist, Karin Manger, L.C.S.W, the parties, and any other individuals counsel deem appropriate and necessary to investigate the best interests of M█████.

Minor's counsel is to hold the psychotherapist-patient privilege on behalf of the minor child; the limited waiver of same ordered on May 23, 2018 allows Ms. Manger to communicate with parties' counsel shall remain in place and extend to minor's counsel as well.

**B. Orders relating to M█████'s Ability to Communicate with Respondent, Ms. Manger, and Minor's Counsel while in Petitioner's Care:**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Family Division**
**Stanley Mosk Dept. - 64**

**BD656090**
**MELANIE BROWN VS STEPHEN BELAFONTE**

**December 13, 2022**
**8:30 AM**

Petitioner shall permit M▇ to have her own private phone/device, any requisite wi-fi password, and privacy of her own space during M▇'s calls/FaceTime sessions with Respondent. Petitioner shall not deprive M▇ of M▇'s phone or attempt to access same.

M▇ shall be allowed to reach Ms. Manger with her own private phone at any time M▇ so desires, in privacy and outside the presence of Petitioner.

Petitioner shall physically exclude herself from hearing distance during M▇'s calls with Respondent, Ms. Manger, and minor's counsel.

Petitioner shall not instruct any third parties, including but not limited to, P▇ ▇ (Petitioner's daughter and M▇'s half-sister), to access M▇'s phone or electronic devices.

**C. Orders relating to Petitioner's Conduct and Interactions with M▇:**

Petitioner shall not be under the influence of alcohol or other substance which substantially impairs her ability to care for M▇ when Petitioner is responsible for the health and safety of M▇ during her custodial period with M▇, and eight (8) hours immediately preceding that time.

Petitioner not expose or present herself naked in M▇'s presence, including but not limited to, entering M▇'s bathtub, walking around her without underwear, or attempting to sleep in the same bed naked with M▇.

Form, FL-305, Temporary Emergency (Ex Parte) Orders, is filed on this date. A copy of said order is emailed to counsel of record, at their respective email addresses on file on this date.