UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 24-22045-CIV-GAYLES/GOODMAN

STEPHEN BELAFONTE,

    Plaintiff,

v.

MELANIE JANINE BROWN,

    Defendant.

_____/

### MAGISTRATE JUDGE GOODMAN'S DISCOVERY PROCEDURES ORDER

The following discovery procedures apply to all civil cases in which discovery is referred to United States Magistrate Judge Jonathan Goodman and where Judge Goodman is presiding over a case with full consent.

### OVERALL STATEMENT

The Court designed these procedures to help the parties and the Court work **together** to timely resolve discovery disputes without undue delay and unnecessary expense. The procedures are designed to: (1) promote the timely internal resolution of discovery disputes by the parties themselves so that they have no need to seek judicial intervention; (2) help the parties obtain timely rulings to the extent they cannot on their own resolve their discovery disputes; (3) streamline the process of resolving discovery disputes by eliminating unnecessary motion practice; and (4) assist the Court by

prohibiting the submission of motions and memoranda which are unnecessary, overly long, or both.

## MEET AND CONFER

Counsel **must** actually confer (in person or via telephone) and engage in reasonable compromise in a genuine effort to resolve their discovery disputes **before** filing a notice of a discovery hearing. In other words, there must be **an actual conversation** before a discovery hearing notice is filed. If counsel refuses to participate in a conversation, then the party seeking to set a discovery hearing shall so state in the required certificate of conference and outline the efforts made to have a conversation.

The Court may impose sanctions, monetary or otherwise, if it determines discovery is being improperly sought, is being withheld in bad faith, or if a party fails to confer in good faith. Sending an email or telefax to opposing counsel with a demand that a discovery response or position be provided on the same day will rarely, if ever, be deemed a good faith effort to confer before filing a discovery hearing notice.

**DISCOVERY CALENDAR AND NO DISCOVERY MOTIONS**

**No written discovery motions**, including motions to compel, for protective order, or related motions for sanctions shall be filed unless specifically authorized by the Court.[1] Similarly, the parties may not submit legal memoranda concerning a discovery hearing unless the Undersigned specifically authorizes it. This procedure is intended to minimize the need for discovery motions. The Court will strike any unauthorized discovery motions and memoranda.

If, after conferring, the parties are unable to resolve their discovery disputes without Court intervention, then the Court holds a regular discovery calendar every Friday afternoon. The party seeking the discovery hearing shall contact Chambers at (305) 523-5720 to place the matter on the next available discovery calendar. Each discovery hearing is limited to one hour (inclusive of the parties' arguments and the Undersigned's ruling). However, if the parties believe that the discovery-related issues would need more

---

[1] Nevertheless, if the parties wish to submit an **agreed-upon** discovery order, such as a standard confidentiality-type of protective order, then they shall: (1) file a Motion for Entry of Stipulated Order, with the proposed order attached to the Motion, and (2) submit a "Word"-version courtesy copy of the proposed Order to the Undersigned's CM/ECF mailbox (goodman@flsd.uscourts.gov). This Order does not prohibit that submission because there is not a discovery *dispute*; instead, there is an *agreement* about a discovery issue. Thus, the motion is not one to resolve a discovery dispute; it merely facilitates an agreement.

than one hour of the Court's time, then they must file a motion on CM/ECF requesting more time and include good cause as to why the hearing should be longer than an hour.

When counsel (or a *pro se* party) seeking the discovery hearing contacts Chambers, he or she must disclose whether the attorneys who will be arguing at the hearing are local (i.e., located in Miami-Dade or Broward County) or not local (i.e., located in other parts of Florida, like Palm Beach County, or out-of-state). The Court permits discovery hearings to be held via Zoom where at least one attorney arguing the hearing is not local. In cases where the attorneys arguing the hearing are *all* local, the Court typically requires in-person attendance at the hearing, but an exception may occur after the successful filing of a motion requesting an atypical arrangement.

The Court does **not** permit hybrid hearings. Thus, if a hearing is set as a Zoom hearing, then all counsel must participate on Zoom. If a hearing is set as an in-person hearing, then all counsel must attend in person.

Chambers will provide available dates for the party to confer with opposing counsel and confirm his or her availability for the discovery calendar. Once opposing counsel has confirmed availability, the party seeking the hearing will contact Chambers again to finalize the hearing date. [**NOTE**: The longer a party waits to contact Chambers to follow through after being provided with available times, the more likely it is that the

hearing date will no longer be available. Therefore, the Court encourages parties seeking discovery hearings to follow through on a timely basis and confirm the hearing date.].

On the **same day** that Chambers confirms that the matter is being placed on the discovery calendar, the party seeking the discovery hearing **shall** provide notice to all relevant parties by filing a Notice of Hearing and serving a copy on opposing counsel through the Court's electronic docketing system. The Notice of Hearing shall **briefly** and **succinctly** identify the substance of the discovery matter to be heard. (For example, "The parties dispute the appropriate time frame for Plaintiff's Interrogatory Nos. 1, 4–7, and 10" or "The parties disagree about whether Defendant produced an adequate Rule 30(b)(6) witness on the topics listed in the notice.") **The party scheduling the hearing shall include in this Notice of Hearing a certificate of good faith that complies with Southern District of Florida Local Rule 7.1(a)(3).** The Court will strike hearing notices which do not include a sufficient local rule certificate.

The party who scheduled the discovery hearing shall provide the Court a copy of all source materials **relevant** to the discovery dispute, via hand-delivery or through a document that is emailed to the CM/ECF mailbox (goodman@flsd.uscourts.gov) **on the date that the Notice of Hearing is filed**. (For example, if the dispute concerns interrogatories, then the interrogatories at issue (and the answers and/or objections) shall be provided.) Source material is the actual discovery at issue. Source material is **not**

5

memoranda or letters to the Court which are, for all intents and purposes, a mini-brief. The opposing party may submit additional source material to the CM/ECF mailbox, as well.

**The failure to timely file the Notice of Hearing on CM/ECF *and* to submit the source materials by email, may result in an Order cancelling the discovery hearing for failure to comply with this Order.**

Neither the Notice of Hearing nor the source materials should be used as a *de facto* strategy to submit a memorandum. For example, sending multi-page, rhetoric-filled letters to the Court or filing argument-riddled notices are **specifically prohibited**. The Court will strike letters, notices, and exhibits which are designed to circumvent the no motion/no memoranda policy.

If one or more of the parties believe in good faith that the discovery dispute is not a routine, garden-variety dispute and needs specialized attention, then the parties may include a to-the-point, no-more-than-one-paragraph explanation in the Notice of Hearing, to flag the specific issues. In addition, the parties may file on CM/ECF a "notice of authorities," which will list only the authorities, but which will not contain argument or be a disguised memorandum. At most, the list of authorities may contain a one-sentence, objective summary of the relevant holding of each case or authority. The Court will strike any non-compliant notice of authorities.

The notice of authorities may not have more than ten authorities listed. If any of the authorities listed are unpublished and cannot be found on Westlaw or Lexis, then that party must provide a consolidated PDF of those authorities (with the relevant language highlighted) to Chambers. The consolidated PDF must be emailed to the CM/ECF mailbox (goodman@flsd.uscourts.gov) **on the date that the notice of authorities is filed on CM/ECF**.

For those discovery disputes which are particularly complex (and there are not many of those) and which a party believes will require briefing, a motion for leave to file a discovery motion or memoranda may be filed. The motion should <u>briefly</u> explain the extraordinary need, but the actual discovery motion or memorandum should not be attached or filed unless the Court grants the motion seeking leave. The Court anticipates that the need for motions and/or memoranda will arise only **rarely**.

The following topics are illustrations of discovery disputes which are usually **not** rare enough to bypass the standard no-motion policy and therefore would not ordinarily justify a motion for leave to file a discovery motion in a specific case absent extraordinary circumstances: (1) whether a party may take more than ten depositions in the absence of consent; (2) whether a deposition may last more than seven hours; (3) how a seven-hour deposition is allocated among the parties; (4) whether a Rule 30(b)(6) witness was prepared to provide binding testimony on all the topics listed in the notice; (5) whether a

noticed deposition is an "apex" deposition, and, if so, whether it will be permitted; (6) whether a party needs to arrange for a treating doctor to provide an expert witness report or if the party needs to make other written disclosures if the physician is expected to testify about the cause of an injury; (7) squabbles over the location of a deposition; (8) whether an attorney improperly instructed a deponent to not answer certain questions; (9) whether an attorney was improperly coaching a deponent; (10) whether a party or attorney may pay any money to a deponent or trial witness other than a standard witness fee, and, if so, under what circumstances and in what amounts; (11) whether a party may take "early" discovery; (12) whether a party exceeded the number of permissible interrogatories (and how should the sub-parts be counted); (13) whether an interrogatory answer is adequate or whether better answers are required; and (14) whether a party engaged in a strategically unfair "document dump" which makes it difficult for a party to know which documents are responsive to a request. These are all *routine* discovery disputes which require the submission of only the Notice of Hearing, source material(s), and, at <u>most</u>, an argument-free list of authorities.

      The Court expects all parties to engage in reasonable compromise to facilitate the resolution of their discovery disputes. The Court may impose sanctions, monetary or otherwise, if the Court determines discovery is being improperly sought or is being withheld in bad faith.

These procedures do not relieve parties from the requirements of any Federal Rules of Civil Procedure or Local Rules, except as noted above.

**REQUESTS FOR RELIEF**

Any and all requests for relief (including changing the format of a hearing) shall abide by the Local Rules. Local Rule 7.7 (entitled "correspondence to the Court") prohibits an attorney from presenting to the Court a "letter or the like" which "request[s] relief in any form." The rule has an exception: a letter or similar communication (such as an email note) may be submitted if the presiding judge "invite[s] or direct[s]" the attorney to do so. Therefore, the parties are not allowed to directly email Chambers requesting any sort of relief unless permitted to do so by the Undersigned.

As previously stated, no discovery motions are allowed. If there is a discovery dispute, then the parties must contact Chambers to request hearing dates and follow the procedure set forth above. Once the hearing is scheduled, the parties may file motions to amend the hearing itself or the subject matter discussed.

A request to change the hearing format must be made in the form of a motion. Local Rule 7.1 requires the movant to confer with opposing counsel and to include a certificate of conferral, indicating that the conferral has occurred (or that it has not

happened, and to explain why). Any request for relief that does not meet this criteria **will be stricken.** And any continued failure to adhere to this rule may result in sanctions.

**PROPOSED ORDERS**

If a party submits a proposed order to the Undersigned, then it must be in Microsoft Word format in 12-point Palatino Linotype font. The proposed order must be double spaced, justified, and the case style must mirror the case style used in this Order. If the proposed order is more than one page, then it must include page numbers, beginning on the second page.

***PRO SE* LITIGANTS**

Section 2C of the Southern District of Florida CM/ECF Administrative Procedures requires *pro se* litigants to file their documents in a conventional manner, which means in person or by U.S. mail. **There are no exceptions.** *Pro se* litigants interested in receiving notices must file the form "Consent by *Pro Se* Litigants (Non-Prisoner) to Receive Notice of Electronic Filing" which can be found on the Court's website (http://www.flsd.uscourts.gov/forms/consent-pro-se-litigant-non-prisoner-receive-nefs). After filing the consent, *pro se* litigants will receive case orders, notices and other documents filed via email. Paper copies of filings will then no longer be sent by the Court

or opposing counsel in that particular case. If a *pro se* litigant files the consent form mentioned above, then he or she is responsible for maintaining a current email address with the Court. The *pro se* litigant shall not email Chambers requesting **any** form of relief, including emailing a copy of their filings in violation of both Local Rule 7.7 and Section 2C of the CM/ECF Administrative Procedures mentioned above. If a *pro se* litigant has a discovery dispute, then he or she may call Chambers to schedule a discovery hearing per this Order. Any other requests for relief must abide by the mentioned procedures and Local Rules.

## **PRE-HEARING DISCUSSIONS/CANCELLING HEARINGS**

**The mere fact that the Court has scheduled a discovery hearing/conference does not mean that the parties should no longer try to resolve the dispute.** To the contrary, the parties are encouraged to continually pursue settlement of disputed discovery matters. If those efforts are successful, then counsel should **contact Chambers** as soon as practicable to inform the Undersigned that the hearing will be timely cancelled. After contacting Chambers, the party who scheduled the hearing must file a notice on CM/ECF indicating that all issues were resolved and that the hearing is cancelled. Alternatively, if the parties resolve some, but not all, of their issues before the hearing, then counsel shall also timely **contact Chambers** and then also provide a pre-hearing written notice on

CM/ECF (with as much lead time as possible) about those issues which are no longer in dispute (so that the Court and its staff do not unnecessarily work on matters no longer in dispute).

**RULE 30(b)(6) DEPOSITIONS**

The party seeking to take the deposition shall include only a reasonable number of topics to be covered in a 7-hour deposition. Listing 40 or 50 (or more topics) is presumptively unreasonable. If the corporation or entity has any objections to the topics listed in the Rule 30(b)(6) notice, then its counsel shall first confer and try to resolve the dispute. But, if a complete resolution is not reached, then the party seeking to take the deposition shall notice the dispute for a hearing before the Undersigned (following the same procedures outlined above) and obtain a ruling on the disputed topics *before* the Rule 30(b)(6) deposition occurs.

Counsel for the corporation or entity is not required to identify the designee or designees before the deposition begins, but he or she is certainly free to volunteer the information as a courtesy.

It is permissible for a party to take the deposition of a person in his/her representative capacity as a corporate designee and also take a separate deposition of that person in his/her role as a fact witness. The attorney scheduling the depositions has the

discretion to determine the order in which the two depositions occur. The attorney taking the depositions may take the fact witness deposition and the Rule 30(b)(6) deposition at the same time but shall clearly announce on the record when the deposition is changing into a different type of deposition.

**EXPENSES, INCLUDING ATTORNEY'S FEES**

The Court reminds the parties and counsel that Federal Rule of Civil Procedure 37(a)(5) requires the Court to award expenses, including fees, unless an exception (such as the existence of a substantially justified, albeit losing, discovery position) applies to the discovery dispute and ruling.

**NO BOILERPLATE DISCOVERY OBJECTIONS**

**"Vague, Overly Broad and Unduly Burdensome"**

The parties shall not make conclusory boilerplate objections. Such objections do not comply with Local Rule 26.1(e)(2)(A), which provides that, "[w]here an objection is made to any interrogatory or sub-part thereof or to any production request under Federal Rule of Civil Procedure 34, the objection shall state with specificity all grounds." Blanket, unsupported objections that a discovery request is "vague, overly broad, or unduly burdensome" are, by themselves, meaningless, and the Court will disregard such

objections. A party objecting on these bases must explain the specific and particular ways in which a request is vague, overly broad, or unduly burdensome. *See* Fed. R. Civ. P. 33(b)(4) (the ground for objecting to an interrogatory "must be stated with specificity"); *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982) ("[T]he mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection to an interrogatory."). Testimony or evidence may be necessary to show that a particular request is in fact burdensome.

**"Irrelevant or Not Reasonably Calculated to Lead to Admissible Evidence"**

An objection that a discovery request is irrelevant or "not reasonably calculated to lead to admissible evidence" is an outdated type of objection, as that language no longer defines the scope of discovery under Federal Rule of Civil Procedure 26(b)(1). The current version defines the scope of discovery as being "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" -- and then lists several factors to analyze. The Court reminds the parties that the Federal Rules provide that information within this scope of discovery "need not be admissible in evidence" to be discoverable. *See* Fed. R. Civ. P. 26(b)(1); S.D. Fla. L.R. 26.1(g)(3)(A); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351-52 (1978).

## No Formulaic Objections

The parties should avoid reciting a formulaic objection followed by an answer to the request. It has become common practice for a party to object on the basis of any of the above reasons, and then state that "notwithstanding the above," the party will respond to the discovery request, subject to or without waiving such objection. Such a boilerplate objection and answer preserves nothing, and constitutes only a waste of effort and the resources of both the parties and the Court. Further, such practice leaves the requesting party uncertain as to whether the responding party fully answered. Moreover, the Federal Rules of Civil Procedure now specifically prohibit that practice (which was deemed inappropriate by many judges and commentators). For example, Federal Rule of Civil Procedure 34(b)(2)(C) now provides that an objection to a request for documents "must state whether any responsive materials are being withheld on the basis of that objection." In addition, it also says that "an objection to part of a request must specify the part and permit inspection of the rest." Therefore, counsel should specifically state <u>whether</u> the responding party is fully answering or responding to a request and, <u>if not, specifically identify the categories of information that have been **withheld** on an objection-by-objection basis</u>.

**Objections Based upon Privilege**

Generalized objections asserting attorney-client privilege or the work product doctrine also do not comply with the Local Rules. S.D. Fla. L.R. 26.1(e)(2)(B) requires that objections based upon privilege identify the specific nature of the privilege being asserted, as well as identify details such as the nature and subject matter of the communication at issue, the sender and receiver of the communication and their relationship to each other. The parties must review this Local Rule carefully, and refrain from objections in the form of: "Objection. This information is protected by attorney/client and/or work product privilege." The Local Rule also requires the preparation of a privilege log except for "communications between a party and its counsel after commencement of the action and work product material created after commencement of the action."

**DONE AND ORDERED** in Chambers, in Miami, Florida, on October 23, 2024.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
All Counsel of Record